# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CODY, | ) 1:14-cv-01239-BAM (PC) |
| Plaintiff, | ) ORDER FINDING CERTAIN CLAIMS |
| v. | ) COGNIZABLE AND DISMISSING<br>) REMAINING CLAIMS AND |
| JEFFREY BEARD, et al., | ) DEFENDANTS |
| Defendants. | ) |

## I. Screening Requirement and Standard

Plaintiff Jonathan Cody ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 9, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it stated cognizable claims against Defendant Hitchman for deliberate indifference to serious medical needs in violation of the Eighth Amendment and retaliation in violation of the First Amendment, but failed to state any other claims. The Court directed Plaintiff to either file a first amended complaint or notify the Court in writing that he was willing to proceed only on the cognizable claims. (ECF No. 5.) Plaintiff's first amended complaint, filed on March 9, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.**       **Plaintiff's Allegations**

Plaintiff is currently housed at Avenal State Prison, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants:  (1) Chief Medical Officer Bupari; (2) Physician Assistant Hitchman; and (3) Dr. Ememoto.

Plaintiff alleges:  In February 1998, before his incarceration, Plaintiff was diagnosed with Fibromyalgia Syndrome (FMS).  The pain was unbearable and the only thing that would keep it in check was a combination of non-narcotic medications and physical therapy or Eastern medicine, such as acupuncture, and chiropractic adjustments.

1   In March 2010, Plaintiff was sentenced to prison.  While at San Quentin State Prison, a
2 doctor agreed to prescribe Lyrica and Robaxin and referred Plaintiff to physical therapy.
3 Plaintiff also was prescribed a transcutaneous electrical nerve stimulation (TENS) unit.
4   Over the next few years, Plaintiff's medications and physical therapy were re-prescribed
5 on a regular basis.  Plaintiff also was prescribed Ultram, a non-narcotic medication, for the pain.
6 Plaintiff could manage his pain and daily activities while taking Ultram, Robaxin, Flexaril and
7 Lyrica.
8   In March 2013, Plaintiff's Robaxin ran out and he requested a refill.  Plaintiff was sent to
9 Physician Assistant Hitchman and was told that his prescription would not be refilled.  Plaintiff
10 also was told that his complaining would only get him cut off the rest of his medications.
11 Physician Assistant Hitchman then cut off the Ultram and said that the Lyrica would be cut off
12 next.  Physician Assistant Hitchman cut Plaintiff off of those medications.  Defendant Hitchman
13 later told Plaintiff that he was only following orders from the Chief Medical Officer.
14   After his medications were cut off, Plaintiff's pain returned and his ability to sleep, sit,
15 move, walk and exercise became harder.  The simplest daily activities became unbearable.
16 Plaintiff filed a 602 and asked to see a doctor.  Plaintiff was seen by Dr. Ememoto, who asked
17 irrelevant questions, looked at two-year old lab reports and prescribed vitamin D.  During a
18 second visit, when Plaintiff asked for physical therapy, Defendant Ememoto gave Plaintiff a list
19 of exercises.
20   Plaintiff later saw Dr. Cayman, who told Plaintiff that FMS did not exist.  Dr. Cayman
21 put in an order for Plaintiff to see a rheumatologist, but the order was denied by Chief Medical
22 Officer Bupari.  Dr. Cayman told Plaintiff that he was under direct orders not to prescribe
23 physical therapy and to cut back pain meds.
24   Plaintiff alleges that doctors will only seek him once every three months and refuse to
25 allow him to attend physical therapy despite the recommendation that he return.  At one point,
26 Plaintiff was shown a note written by Defendant Bupari asking if there was a way to cut Plaintiff
27 off of Lyrica.  Plaintiff was told by Defendant Hitchman that this was a cost issue, not a medical
28

decision.  Defendant Hitchman also told Plaintiff that he was paying the price for his attorney singling Defendant Hitchman out in an email to the CMO.

Plaintiff requests that the Court order his receipt of non-narcotic medications and physical therapy.

### III.    Discussion

**A.  Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006 ) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Defendants Hitchman and Bupari

At the pleading stage, Plaintiff has stated a cognizable claim for deliberate indifference to serious medical needs against Defendants Hitchman and Bupari.  Plaintiff will be instructed regarding service of the amended complaint by separate order.

Defendant Ememoto

Plaintiff has not stated claim for deliberate indifference to serious medical needs against Defendant Ememoto.  Plaintiff alleges that Defendant Ememoto asked irrelevant questions, reviewed two-year old lab reports, prescribed Vitamin D and provided a list of exercises.  At

1  best, Plaintiff has alleged medical malpractice, which is not sufficient to state a cognizable

2  Eighth Amendment claim.  <u>Estelle</u>, 429 U.S. at 106, <u>see</u> <u>also</u> <u>Anderson v. County of Kern</u>, 45

3  F.3d 1310, 1316 (9th Cir. 1995).  Even if Defendant Ememoto's actions are characterized as

4  gross negligence, this is insufficient to establish deliberate indifference to serious medical needs.

5  See <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

### B.  Retaliation

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005); <u>accord</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012); <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994 ). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. <u>Rhodes</u>, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995).

At the pleading stage, Plaintiff has stated a cognizable claim for retaliation against Defendant Hitchman arising from allegations that Defendant Hitchman denied Plaintiff prescription medications based on complaints from Plaintiff and his legal counsel.  Plaintiff will be instructed regarding service of the amended complaint by separate order.

### IV.  Conclusion and Order

The Court finds that Plaintiff's amended complaint states cognizable claims against Defendant Hitchman for deliberate indifference to serious medical needs in violation of the Eighth Amendment and for retaliation in violation of the First Amendment and against

1  Defendant Bupari for deliberate indifference to serious medical needs.  It does not, however,
2  state any other claims.  As explained above, Plaintiff will be instructed on service in a separate
3  order.
4        Accordingly, IT IS HEREBY ORDERED that:
5        1.     This action proceed against Defendants Hitchman and Bupari for
6  deliberate indifference to serious medical needs in violation of the Eighth Amendment and
7  against Defendant Hitchman for retaliation in violation of the First Amendment.
8        2.     Defendant Enemoto is DISMISSED WITHOUT LEAVE TO AMEND.

10  IT IS SO ORDERED.

11     Dated:   **March 13, 2015**          /s/ *Barbara A. McAuliffe*
12                                           UNITED STATES MAGISTRATE JUDGE