UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CODY,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01239-DAD-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF DISCOVERY DEADLINE<br><br>(ECF Nos. 23, 26)<br><br>**Discovery Responses Deadline:** May 2, 2016<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 29)<br><br>**Dispositive Motion Deadline:** June 13, 2016 |

### I.    Background

Plaintiff Jonathan Cody ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's first amended complaint against Defendants Hitchman and Boparai (erroneously sued as "Bupari") for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against Defendant Hitchman for retaliation in violation of the First Amendment.

1

On June 23, 2015, Defendants moved for partial summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim against Defendant Hitchman, and with respect to his deliberate indifference claim against Defendant Boparai. (ECF No. 17.) On February 22, 2016, the undersigned issued findings and recommendations recommending that Defendants' motion for partial summary judgment be granted. (ECF No. 25.) The findings and recommendations, Plaintiff's objections to those findings and recommendations, and Defendants' responses to the objections, are currently pending before the District Judge.

In the meantime, certain relevant deadlines in the discovery and scheduling order have passed or will soon pass. Discovery closed in this matter on February 5, 2016. (ECF No. 14.) On January 25, 2016, shortly before that deadline expired, Plaintiff filed a motion to extend the discovery deadline. (ECF No. 23.) Defendants opposed Plaintiff's motion, (ECF No. 24), and Plaintiff filed a reply in support, which also sought a lengthier extension than his first motion, (ECF No. 26).

Also, the deadline to file all dispositive motions, other than a motion for summary judgment for failure to exhaust, will expire on April 14, 2016. Defendants' filed a motion seeking to extend that deadline. (ECF No. 29.) Plaintiff has not yet responded to Defendants' motion, but the Court finds no response necessary, and that Plaintiff will not be prejudiced by its consideration of that motion. Local Rule 230(l). The Court will address each motion in turn.

## II. Plaintiff's Motions to Extend Discovery Deadline

Plaintiff seeks an extension of the discovery deadline due to various difficulties he had in preparing his discovery requests, including frequent closures of the prison facilities resulting from the holidays, staff training and other emergencies. (ECF No. 23.) He specifically seeks a thirty-day extension to allow Defendants to respond to the discovery requests he served on January 25, 2016.

Defendants argue the request should be denied based on Plaintiff's lack of diligence and the vagueness of his reasons for his delay in conducting discovery. (ECF No. 24.) They specifically note that Plaintiff served no written discovery in this matter until eleven days before the discovery deadline passed. Defendants' opposition is supported by a declaration from counsel stating his office received Plaintiff's first set of interrogatories and requests for production on January 27, 2016, with a declaration stating the requests were mailed on January 25, 2016. (ECF No. 24-1.) They also note that

some of Plaintiff's reasons relate to the holiday period, which does not explain why he did not serve discovery before that time.

In his reply, Plaintiff clarifies that he was delayed due to "numerous instances where there was complete closure of facilities within the prison[,]" including no access to legal resources or reference materials. (ECF No. 26.) Plaintiff states that there were "many weeks" he had no access, but he used the opportunities he did have to compose the discovery he served. He further contends that, due to pain from his medical condition, he was only able to work for short periods of time even when he had access to proper facilities and resources. Plaintiff also states that he was diligent in seeking legal advice in drafting his discovery requests, and that he required a copy of the transcript from his November 10, 2015 deposition to work on the discovery, which he did not receive until January 2016.

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. In this case, the Court finds that Plaintiff has shown sufficient diligence under the circumstances to warrant an extension of the discovery deadline for the limited purpose of obtaining Defendants' responses to his discovery requests. Plaintiff has experienced significant delays in serving discovery due to facility closures despite his efforts, and the Court is further concerned that without this limited extension, Plaintiff will have had no opportunity to conduct any discovery in this matter. Therefore, Defendants shall serve responses to Plaintiff's first set of interrogatories and requests for production on or before May 2, 2016.

### III.     Defendants' Motion to Modify Dispositive Motion Deadline

Defendants seek an extension of the deadline to file dispositive motions, which under the current scheduling order will expire on April 14, 2016. (ECF No. 29.) In support, they submit a declaration from counsel stating that Defendants intend to file a motion for summary judgment on the merits, but the basis of the motion will depend on what claims survive their motion for summary judgment based on the failure to exhaust administrative remedies. Defendants note that it would be an

inefficient use of time and resources to prepare a motion addressing claims and parties that may be dismissed from the case entirely, depending on whether the District Judge adopts or rejects the findings and recommendations in whole or in part.

Defendants have shown good cause for the requested modification to the scheduling order. Fed. R. Civ. P. 16(b)(4). The Court agrees that the parties' efforts and resources, and judicial resources and efficiencies, would best be served by having any merits-based dispositive motions be directed to the claims which will ultimately proceed in this matter. The Court expects the District Judge will consider the findings and recommendations in due course, and therefore an extension of the deadline until June 13, 2016 will allow sufficient time for the parties to receive the District Judge's ruling, consider it, and prepare any dispositive motions. This extended deadline shall also apply to Plaintiff.

**IV.    Conclusion and Order**

For the reasons stated, the Court HEREBY ORDERS that:

1.    Plaintiff's motions seeking an extension of the discovery deadline to allow Defendants to respond to his discovery requests, (ECF Nos. 23, 26), are GRANTED;

2.    Defendants shall serve responses to Plaintiff's first set of interrogatories and requests for production on or before May 2, 2016;

3.    Defendants' motion to modify the discovery and scheduling order to extend the deadline to file dispositive motions, (ECF No. 29), is GRANTED;

4.    The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is June 13, 2016; and,

5.    Any request for an extension of a deadline set in this order must be filed on or before the expiration of that deadline, and will only be granted on a showing of good cause.

IT IS SO ORDERED.

Dated:   **March 31, 2016**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE