UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CODY,<br><br>            Plaintiff,<br><br>      v.<br><br>JEFFREY BEARD, et al.,<br><br>            Defendants. | No. 1:14-cv-01239-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE COURT'S APRIL 1, 2016 ORDER<br><br>(Doc. No. 33) |

On April 1, 2016, the assigned magistrate judge granted defendants' motion to modify the discovery and scheduling order in this matter, and extended the dispositive motion deadline. (Doc. No. 30.) This was done to allow time for the undersigned to consider the magistrate judge's findings and recommendation on defendants' motion for summary judgment based upon plaintiff's alleged failure to exhaust administrative remedies prior to filing suit and so that the parties would have the benefit of the undersigned's decision on that pending motion before filing motions for summary judgment on the merits of the case.

Plaintiff now seeks an order vacating the magistrate judge's April 1, 2016 order. (Doc. No. 33.) Plaintiff argues that the magistrate judge erred in granting defendants' motion to modify the scheduling order before he could file any opposition to that motion.

/////

/////

1

**ANALYSIS**

A motion to reconsider a magistrate judge's ruling is reviewed under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  As such, the court only set aside a magistrate judge's order if it is either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" only when the district judge is left with the definite and firm conviction that a mistake has been committed.  *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  This "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows for independent review of purely legal determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489.  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F. Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F. Supp.2d 501, 502 (S.D.N.Y. 2001); *see also Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).[1]

The court has reviewed plaintiff's motion and the arguments presented therein do not warrant reconsideration of the magistrate judge's April 1, 2016 order.  Plaintiff has not shown

---

[1] Of course, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)*.  Moreover, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .' of that which was already considered by the court in rendering its decision." *United States v. Westlands Water* Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

clear error with respect to that order or any other grounds for relief.  Indeed, the assigned magistrate judge later considered plaintiff's opposition to defendants' motion to modify the scheduling order, and overruled his objections for good reason.  (Doc. No. 32.)  Accordingly, plaintiff's motion to vacate the magistrate judge's April 1, 2016 order (Doc. No. 33) is denied.

IT IS SO ORDERED.

Dated:   **May 4, 2016**

_____
UNITED STATES DISTRICT JUDGE