1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JONATHAN CODY,                              No.  1:14-cv-01239-DAD-BAM (PC)

12              Plaintiff,

13         v.                                     ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS AND GRANTING
14    JEFFREY BEARD, et al.,                      DEFENDANTS' MOTION FOR PARTIAL
                                                  SUMMARY JUDGMENT FOR FAILURE TO
15              Defendants.                       EXHAUST ADMINISTRATIVE REMEDIES

16                                                (Doc. Nos. 17 and 25)

17

18

19         Plaintiff Jonathan Cody is a state prisoner proceeding *pro se* in this civil rights action

20    pursuant to 42 U.S.C. § 1983.  This action is currently proceeding on plaintiff's first amended

21    complaint against defendants Hitchman and Boparai (erroneously sued as "Bupari") on claims for

22    deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment,

23    and against defendant Hitchman for retaliation in violation of the First Amendment.  (Doc. No.

24    6.)  On July 23, 2015, defendants Hitchman and Boparai filed a motion for partial summary

25    judgment based upon plaintiff's alleged failure to exhaust his administrative remedies prior to

26    filing suit as required.  (Doc. No. 17.)  Specifically, in moving to dismiss defendants argue that

27    plaintiff did not identify defendant Boparai in any inmate appeal plaintiff filed, and that plaintiff

28    did not include his retaliation claim against defendant Hitchman in any inmate appeal.  (*Id.*)

                                               1

1    On February 19, 2016, the assigned magistrate judge issued findings and

2  recommendations recommending that the court grant defendants' motion for partial summary

3  judgment.  (Doc. No. 25.)  Specifically, the magistrate judge recommended dismissing plaintiff's

4  Eighth Amendment claim against defendant Boparai, the sole claim against him, as well as

5  plaintiff's retaliation claim against defendant Hitchman, due to plaintiff's failure to exhaust his

6  administrative remedies with respect to those claims prior to bringing this civil action.  The

7  findings and recommendations were served on plaintiff and contained notice that any objections

8  were to be filed within twenty days of service, making those objections due no later than March

9  14, 2016.  (*Id.*)  On March 14, 2016, plaintiff filed objections to the findings and

10  recommendations.  (Doc. No. 27.)  On March 28, 2016, defendants filed a response to plaintiff's

11  objections.  (Doc. No. 28.)  On April 25, 2016, plaintiff filed a reply.  (Doc. No. 34.)

12    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

13  *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

14  objections, the defendants' response to those objections, and plaintiff's reply with additional

15  objections, the court finds the findings and recommendations to be supported by the record and

16  by proper analysis.  Nothing in plaintiff's objections undermine the magistrate judge's analysis.

17    Plaintiff argues that he provided sufficient notice to the California Department of

18  Corrections and Rehabilitation ("CDCR") of his retaliation claim against defendant Hitchman by

19  stating in his CDCR Form 602 that he had demanded his medications, but defendant Hitchman

20  denied him the medications.  As the assigned magistrate judge found, plaintiff's CDCR Form 602

21  inmate grievance to which he referred in his objections does not put the CDCR on notice of

22  plaintiff's claim that defendant Hitchman denied plaintiff medication because of, or in retaliation

23  for, plaintiff's earlier made complaints about not having certain prescriptions refilled.  Plaintiff is

24  correct that the legal term "retaliation" need not be used in an inmate grievance in order to satisfy

25  the exhaustion requirement with respect to a subsequent retaliation claim; however, plaintiff must

26  give adequate notice of the nature of his actual complaint in his CDCR Form 602 inmate

27  grievance.  *See Reyes v. Smith*, 810 F.3d 654, 658-59 (9th Cir. 2016) ("Under the PLRA, a

28  grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is sought.'")

1    (quoting *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir.2010)).  Plaintiff's inmate grievance did

2    not do so here because it put no one on notice that plaintiff was complaining that he was being

3    denied medication in retaliation for pursuing other inmate grievances.[1]

4         Plaintiff also argues that he should be excused from exhausting his administrative

5    remedies, because he would not have gotten any relief through the prison's administrative

6    grievance process in any event.  Plaintiff's speculation in this regard provides no basis to excuse

7    his failure to exhaust his administrative remedies prior to filing suit due to futility or for any other

8    reason.

9         Furthermore, plaintiff's unsupported contentions that there are material factual disputes

10   regarding whether he received proper medication are simply irrelevant to resolution of

11   defendants' motion for partial summary judgment on the grounds that plaintiff failed to exhaust

12   his administrative remedies as required.  (Doc. No. 34.)  Plaintiff's arguments that defendants

13   should have filed a demurrer or a motion to dismiss rather than a motion for summary judgment

14   regarding exhaustion are also erroneous and unavailing.

15        Accordingly, fore the reasons set forth above:

16        1.    The findings and recommendations (Doc. No. 25), filed on February 19, 2016, are

17              adopted in full;

18        2.    Defendants' motion for partial summary judgment (Doc. No. 17) is granted;

19        3.    Defendant Boparai, and plaintiff's First Amendment retaliation claim against

20              defendant Hitchman, are dismissed without prejudice from this action due to

21   /////

22

---

23   [1]  In his objections to the findings and recommendations plaintiff relies on the decision in
*Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009).  However, that case is distinguishable from the
24   situation presented here.  In *Brodheim* the basis for the plaintiff's retaliation claim was clear from
the face of plaintiff's inmate grievance form.  *Id*. at 1265-66 (noting that in rejecting the
25   plaintiff's inmate grievance the defendant had written a note to the prisoner on the grievance form
stating, "I'd also like to warn you to be careful what you write, req[u]est on this form").  That is
26   certainly not the case here.  As noted above, based upon the evidence presented in support of the
motion for partial summary judgment it has been established that no inmate grievance submitted
27   by plaintiff put any prison official on notice that plaintiff was complaining that he was being
28   denied medication in retaliation for pursuing other inmate grievances.

1    plaintiff's failure to exhaust his administrative remedies prior to filing suit as

2    required;

3    4.    This action shall now proceed solely on plaintiff's claim against defendant

4          Hitchman for deliberate indifference to plaintiff's serious medical needs in

5          violation of the Eighth Amendment; and

6    5.    This case is referred back to the assigned magistrate judge for further proceedings

7          including the scheduling of the pretrial conference, possible settlement conference

8          and trial.

9    IT IS SO ORDERED.

10

11   Dated:   **May 12, 2016**                                    _____

UNITED STATES DISTRICT JUDGE